# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTIAN FELLOWSHIP CENTERS OF NEW YORK, INC.** a New York not-for-profit corporation, | ) ) ) ) CASE NO. 8:19-cv-00191-LEK-DJS |
| Plaintiff, | ) ) ) Honorable Judge Lawrence E. Kahn ) |
| **VILLAGE OF CANTON**, a New York municipal corporation, | ) ) ) ) |
| Defendant. | ) |

## MOTION FOR PRELIMINARY OR PERMANENT INJUNCTION AND DECLARATION AS A MATTER OF LAW

**NOW COMES** Plaintiff, Christian Fellowship Centers of New York, Inc. ("Church"), by and through counsel, pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and moves this Court for a Preliminary or Permanent Injunction against the Defendant, Village of Canton, New York ("Village"). In support of this Motion, the Church incorporates by reference its previously filed Complaint ("Compl.")(Dkt.1), the exhibits attached to the Complaint, as well as the Memorandum of Law in Support ("Memo"), and hereby states as follows:

1. **NOTICE TO DEFENDANT VILLAGE**: Pursuant to Rule 65 of the Federal Rules of Civil Procedure, undersigned counsel for the Plaintiff respectfully certifies to the Court that on March 7, 2019, Plaintiff's counsel provided a copy of this motion and supporting memorandum to Village attorneys Gerald J. Ducharme, via e-mail at GJDucharme@cmbk.com and Gregg T. Johnson, via email at gtj@johnsonlawsllc.com and FedEx Overnight Mail at his address at 648 Plank Road, Suite 204, Clifton Park, NY 12065.

2. The Church moves this Court for a preliminary or permanent injunction with respect to Counts I and II of its Verified Complaint. The Church does not move, at this time, with respect to its other claims.

3. On its face and as applied, the Village's zoning code treats religious assemblies, like churches, on unequal terms with nonreligious assembly uses in violation of the "Equal Terms" provision of RLUIPA, 42 U.S.C. 2000cc(b)(1); see also *Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 272 (3d Cir. 2007) (Summary judgment entered on church's equal terms claim where city treated churches on less than equal terms with theaters.).

4. On its face and as applied, the Village has imposed its land use regulations in a manner that treats similarly situated uses differently in violation of the Equal Protection Clause of the United States Constitution. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

5. As established by this Motion, the Memorandum in Support of the Motion, and the documents and pleadings referenced herein, the Church is entitled to immediate declaratory and injunctive relief because 1) it is likely to succeed on the merits, 2) it is suffering, and will continue to suffer, irreparable harm in the absence of preliminary relief, 3) the balance of equities tips in the Church's favor, and 4) because an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

6. In fact, the Church is so likely to succeed on the merits that this Court may, if it chooses to expeditiously resolve this matter, find that the Church is entitled to judgment as a matter of law and issue a declaration and a permanent injunction to that effect.

7. The Church also requests waiver of any bond requirement.[1]

---

[1] *See Doctor John's, Inc. v. City of Sioux City*, 305 F.Supp.2d 1022, 1043-44 (N.D. Iowa 2004) ("[R]equiring a bond to issue before enjoining potentially unconstitutional conduct . . . simply seems inappropriate, because the rights potentially impinged by the governmental entity's actions are of such gravity that protection of those rights should not be contingent upon an ability to pay").

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Village's zoning code, on its face and as applied, violates the Equal Terms provision of the Religious Land Use & Institutionalized Persons Act, 42 U.S.C. 2000cc, *et. seq.* and the Equal Protection Clause of the Fourteenth Amendment;

B. Preliminarily or permanently enjoin the Village, its officers, agents, employees, attorneys and all other persons acting in concert with it, from enforcing its zoning code, both facially and as applied to the Church, and from preventing or attempting to prevent the Church from using its property as a church;

C. Direct the parties to confer regarding the Church's damages for the violations of its constitutional and statutory rights, as well as its costs and expenses of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, and other applicable law;

D. Grant such other relief as this Court deems appropriate.

Respectfully submitted this 7th day of March, 2019.

                                                **CHRISTIAN FELLOWSHIP CENTERS OF NEW YORK, INC.**

By: /s/ John W. Mauck                  By: /s/ John Collins

John W. Mauck, Esq.*  
IL Bar No. 1797328  
Sorin A. Leahu, Esq.*  
IL Bar No. 6315515  
**Mauck & Baker, LLC**  
One N. LaSalle St., Suite 600  
Chicago, Illinois 60602  
Telephone: 312-726-1243  
Facsimile: 866-619-8661  
jmauck@mauckbaker.com  
sleahu@mauckbaker.com  

John K. Collins  
NY Bar No. 2879609  
**Silver & Collins**  
44 Court Street  
Canton, NY 13617  
Telephone: 315-386-8506  
Facsimile: (315) 386-8507  
jcollins@silverattorneys.com  

---

*\*Pro Hac Vice.*