# JOHNSON & LAWS, LLC

Attorneys at Law

648 Plank Road, Suite 204  
Clifton Park, New York 12065  
518.490.6428 phone  
518.616.0676 fax

Gregg T. Johnson  
Partner  
518.490.6413 direct  
gtj@johnsonlawsllc.com

March 26, 2019

**VIA ECF**

Hon. Lawrence E. Kahn, Sr. USDCJ  
USDC Northern District of New York  
James T. Foley U.S. Courthouse  
445 Broadway, Room 424  
Albany, New York 12207

Re: *Christian Fellowship Centers of NY v. Village of Canton*  
     Civil Case No.:    Civil Case No. 8:19-cv-00191

Dear Judge Kahn:

    As the Court is aware, our office represents the Village of Canton which is the named Defendant in the above-referenced action. We offer this letter in response to that portion of your Honor's March 25, 2019 Text Order (Dkt. No. 26) inquiring about Defendant's position regarding oral argument and/or an evidentiary hearing in connection with Plaintiff's pending motion for a mandatory injunction.

    First, with respect to the need for oral argument on Plaintiff's pending motion for an injunction, we request oral argument. Moreover, we respectfully submit that the evolution of Plaintiff's pending motion (and arguments) for a mandatory injunction as described by Plaintiff's successive submissions (Dkt. Nos. 14, 14-3, 19, 23 and 25) underscores the need for oral argument to ensure that the Village has an opportunity to be heard on all aspects of Plaintiff's motion, which, undeniably seeks to fundamentally alter the *status quo* between the parties, as well as the Village's land use planning. We are prepared to appear in person (and do not object to Plaintiff's request to appear telephonically) for such argument.

    Second, with respect to the need for an evidentiary hearing, we respectfully submit the Village has a right to such a hearing to the extent there remain material questions of fact concerning

the injunction application.[1] At the same time, the Village has no interest in consuming the Court's time, or the parties' resources, if in fact Plaintiff's motion is no longer founded upon (disputed) questions of fact.[2] Accordingly, to the extent Plaintiff's March 21, 2019 Reply Memorandum (Dkt. No. 23 pp. 1-2, 8) March 22, 2019 letter to the Court (Dkt. No. 25) are interpreted by the Court to mean that Plaintiff's March 7, 2019 motion is not or is no longer based upon the factual contention that Plaintiff's ability to hold worship services or engage in religious activities on March 31, 2019 - but rather, solely based upon the Village's Zoning Code; then there are not material questions of fact and no need for an evidentiary hearing. Alternatively, to the extent Plaintiff's March 7, 2019 motion is based in whole, or in part, upon the factual contention that the Village's Code or other Village action has deprived Plaintiff of the ability to hold worship services or engage in religious activities on March 31, 2019 or any other specific date, then we request an evidentiary hearing to question Pastor Sinclair and potentially other non-party witnesses (who would need to be served with subpoenas) regarding such factual contention and to make a full record. While we recognize that this response to the Court's simple inquiry is less than concrete, our reading of Plaintiff's submissions to the Court since March 7, 2019 does not clearly indicate to us the precise factual basis, if any, of Plaintiff's current motion.

---

[1] *Faith Temple Church v. Town of Brighton*, 2005 U.S. Dist. LEXIS 8065, *19–20 (W.D.N.Y. 2005)[holding that church's motion for preliminary injunction in a RLUIPA action could not be decided until an evidentiary hearing was held] *see also, Kern v. Clark*, 331 F.3d 9, *12 (2d Cir. 2003) (quoting *Commodity Futures Trading Com. v. Incomco, Inc.*, 649 F.2d 128, 131 (2d Cir. 1981) ["It is settled law in this Circuit that motions for preliminary injunctions should not be decided on the basis of affidavits when disputed issues of fact exist."] and *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir. 1987) ["On a motion for preliminary injunction, where essential facts are in dispute, there must be a hearing and appropriate findings of fact must be made."].

[2] While Plaintiff's original March 7, 2019 motion was clearly based upon the factual contention that the Village's Code and or Village's actions were actually going to interfere with Plaintiff's religious practices on March 31, 2019 (See Dkt. No. 14 pp. 5-6, 20; 14-3); Plaintiff's subsequent submissions appear to argue or suggest that the sole or primary basis for their motion is the language of the Village Code and the "facts" are not material to their motion. (See Dkt. Nos. 19, 23, and 25).

       Thank you in advance for your consideration.

                                        Respectfully submitted,

                                        JOHNSON & LAWS, LLC

                                        Gregg T. Johnson
                                        gtj@johnsonlawsllc.com

GTJ:ek
cc:    John K. Collins, Esq.
       John W. Mauck, Esq.
       Sorin A. Leahu, Esq.
       Gerald J. Ducharme, Village Attorney