## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CHRISTIAN FELLOWSHIP CENTERS OF NEW YORK, INC**. a New York not-for-profit corporation, | ) ) ) ) | CASE NO. 8:19-cv-00191-LEK-DJS |
| Plaintiff, | ) ) ) | Honorable Judge Lawrence E. Kahn |
| **VILLAGE OF CANTON**, a New York municipal corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

## MOTION TO CONVERT PRELIMINARY INJUNCTION TO PERMANENT INJUNCTION AND FOR DECLARATORY RELIEF

Plaintiff, Christian Fellowship Centers of New York, Inc. ("Church"), by and through counsel, pursuant to Rules 65 (authorizing injunctive relief) and 57 (authorizing declaratory relief) of the Federal Rules of Civil Procedure, moves this Court for a permanent injunction and declaratory relief against the Defendant, Village of Canton, New York ("Village").

### PROCEDURAL BACKGROUND

The Church filed its Verified Complaint (Dkt. 1) on February 11, 2019 alleging statutory and constitutional violations as a result of the Village's prohibition against the Church using its property at 25 Court Street for religious assembly. On March 7, 2019, the Church filed a motion for a preliminary or permanent injunction. Dkt. 13. On March 29, 2019, this Court granted the Church's motion for preliminary injunction "pending further proceedings to determine whether the injunction should be made permanent." Dkt. 32, at p. 2. After the Court issued its opinion, the Church attempted once more to reach a settlement with the Village. The parties, however,

have been unable to fully agree on every aspect of the proposed settlement necessitating the present motion.

## LEGAL STANDARD

"The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that the plaintiff must actually succeed as to the merits." *Civic Ass'n of Deaf of New York City, Inc. v. Giuliani*, 915 F. Supp. 622, 631 (S.D.N.Y. 1996). To obtain a permanent injunction a plaintiff must demonstrate "(1) that it will suffer an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Beastie Boys v. Monster Energy Co.*, 87 F. Supp. 3d 672, 677 (S.D.N.Y. 2015).

Declaratory relief "does not share injunctive relief's requirement of irreparable harm" and may be issued in order to "clarify the relations between the parties and eliminate the legal uncertainties that gave rise to this litigation." *Levin v. Harleston*, 966 F.2d 85, 90 (2d Cir. 1992).

## ARGUMENT

**I.  The Church has demonstrated that all of the elements for a permanent injunction weigh in its favor.**

The Church is entitled to a permanent injunction because there is no longer any doubt that it has succeeded on the merits of its RLUIPA Equal Terms claim. In granting the Church's preliminary injunction, this Court crafted a detailed and learned opinion analyzing the various tests circuit courts of appeals use to decide RLUIPA Equal Terms cases. After careful consideration, the Court correctly recognized that "this case is an 'easy victory' for the Church under any test." Dkt. 32, at p. 14.

In granting the Church's preliminary injunction, this Court has also concluded that the Church will suffer irreparable harm without an injunction, that "the Village has not identified any hardship that would outweigh the continuing violation of the Church's federal right to exercise its religious on the Property," and that an injunction is in the public interest. Except for the fact that the Church has begun worship services at the Property, the relevant circumstances have not changed and there is no reason to revisit these conclusions. In light of the Court's ruling, the fact that the Village's liability is plain on the face of its zoning code, and that there are no material facts in dispute, there is no reason why a permanent injunction should not immediately issue.

**II.      An immediate permanent injunction is necessary to fully secure the Church's rights.**

The Church believes an immediate permanent injunction is needed to fully secure its rights. This is true in light of the Village's well publicized intent to amend its zoning code and issue a moratorium on any new building or use permits. Exhibit I to the Verified Complaint, for example, contains a news article from January 2019 detailing the Village's desire to change its zoning code and impose a moratorium of up to one year. Based on these public statements, conversations with Village officials and attorneys, and the Court's injunction in favor of the Church, the Church has reason to believe that the zoning changes and moratorium will be approved by the Village after public comment at its next meeting on May 20, 2019.

The Village could attempt to thwart this Court's ruling with these proposed changes with the intent of depriving the Church of the use of its Property. See e.g. *Covenant Christian Ministries, Inc. v. City of Marietta, Georgia*, 654 F.3d 1231, 1242 (11th Cir. 2011)(holding that church did not acquire vested right to use property prior to the change in the zoning code based on a non-final interlocutory order). Although the Church believes such an attempt will fail because it has

acquired a vested property right under New York law to use 25 Court Street as a church, and would in any case amount to an illegal "substantial burden" under RLUIPA, some uncertainty still exists which may complicate and drag out an otherwise straightforward civil rights case. Because all of the relevant issues have already been briefed, and because the violations here are plain on the face of the Village's zoning code, no additional briefing is needed and the Church is entitled to an immediate permanent injunction which will protect the Church from any action by the Village seeking to divest the Church of its right to worship at the Property.

WHEREFORE, the Church respectfully prays that this Court grant the Church's motion converting the preliminary injunction to a permanent one enjoining the Village from interfering with the Church's use of 25 Court Street as a religious assembly, issue a declaration that such use is legally allowed, and grant any other just relief.

Respectfully submitted this 17th day of April, 2019.

**CHRISTIAN FELLOWSHIP CENTERS OF NEW YORK, INC.**

By:  /s/ John W. Mauck

John W. Mauck, Esq.*
IL Bar No. 1797328
Sorin A. Leahu, Esq.*
IL Bar No. 6315515
**Mauck & Baker, LLC**
One N. LaSalle St., Suite 600
Chicago, Illinois 60602
Telephone:  312-726-1243
Facsimile:   866-619-8661
jmauck@mauckbaker.com
sleahu@mauckbaker.com

*Pro hac vice*

By:  /s/ John Collins

John K. Collins
NY Bar No. 2879609
**Silver & Collins**
44 Court Street
Canton, NY 13617
Telephone: 315-386-8506
Facsimile: (315) 386-8507
jcollins@silverattorneys.com